UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:12-cr-00097-RCJ-VCF |
| v. | |
| RICHARD CARL BROWN, | **ORDER** |
| Defendant. | |

Currently before the Court is Defendant's Motion in Limine (#57). Defendant requests that the Court exclude certain evidence the government intends to present, specifically, actual images alleged to be child pornography. Defendant contends that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice. While the Motion in Limine (#57) claims to be based on Federal Rule of Evidence 702, the points and authorities are based on Federal Rule of Evidence 403, and therefore, the Motion (#57) shall be considered under Rule 403.

Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403. Defendant argues that allowing the jury to view the actual images and/or videos would be highly prejudicial, cumulative of other evidence, and shocking and inflammatory. Defendant claims that the indictment and the testimony of the agents as to the images and/or videos would be sufficient evidence for the prosecution.

In *United States v. Ganoe*, the Ninth Circuit held that the district court did not abuse its

discretion in allowing the prosecution to select and show ten images alleged to be child pornography because the images, although obviously prejudicial, were extremely probative. *United States v. Ganoe*, 538 F.3d 1117, 1120-21, 1123 (9th Cir. 2008). The Ninth Circuit held that in the absence of a stipulation relieving the prosecution of its burden to prove that the images contained child pornography and that a reasonable user would have known this prior to downloading those images, the probative value of the images is not substantially outweighed by their prejudicial effect. *Id.* at 1123. The Ninth Circuit noted that the district court attempted to minimize the inflammatory nature of the images by limiting the government to ten clips, playing the images only once, and giving cautionary instructions. *Id.*

In the present case, Defendant does not offer any stipulations that would relieve the government of the necessity of presenting the images in order to prove the prosecution's case. Defendant is charged with advertising, transporting, receiving, and possessing child pornography. (Indictment (#1).) While Defendant objects to the government showing the jury "over hundreds of images and/or videos" of child pornography, the government states that it has chosen seven videos allegedly showing Defendant's knowledge and intent to receive and possess child pornography out of a greater collection of videos. The government's exhibit list (#54) includes seven videos allegedly found in Defendant's possession or downloaded by Defendant, but the list does not describe the length of the videos. As Defendant's knowledge of the child pornography is at issue in the case, and no appropriate stipulations have been offered, the Court cannot rule that the evidence's probative value is substantially outweighed by its prejudicial effect. Therefore, the Court must deny a request to exclude all such evidence. The government shall be held to presenting only the seven videos described in the exhibit list (#54), and shall limit the presentation in length in order to prevent presenting needlessly cumulative evidence or inflaming the jury's passion any more than necessary to prove its case. The Court may curtail any presentation to the jury during trial if necessary. The Court shall also issue limiting instructions in order to minimize the prejudicial effect of such videos.

///

///

2

For the foregoing reasons, IT IS ORDERED that the Motion in Limine (#57) is **DENIED**.

DATED: This 7th day of February, 2013.

_____
United States District Judge